## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF IOWA
## EASTERN DIVISION

|  |  |
|---|---|
| STARBUCKS CORPORATION, | |
| Plaintiff, | Civil Action No. _____ |
| v. | **COMPLAINT** |
| SERVICE EMPLOYEES INTERNATIONAL UNION d/b/a WORKERS UNITED, d/b/a STARBUCKS WORKERS UNITED, and IOWA CITY STARBUCKS WORKERS UNITED, | **JURY TRIAL DEMANDED** |
| Defendants. | |

Plaintiff Starbucks Corporation ("Starbucks" or "Plaintiff"), by its undersigned attorneys, hereby alleges by way of this Complaint against Defendants Service Employees International Union ("SEIU") d/b/a Workers United, d/b/a Starbucks Workers United ("SBWU"), and Iowa City Starbucks Workers United ("Iowa City SBWU") (collectively, "Defendants") the following:

### NATURE OF THE ACTION

1.      This is an action concerning the actual and threatened injury to the safety, well-being, operations, and reputation of Starbucks and its employees caused

by Defendants' inflammatory and misleading communications, which have led, among other things, to property damage, threats, and calls for a boycott against Starbucks. Most notably, and of most urgency to Starbucks, this action concerns Defendants' social media posts in support of violence in Israel starting immediately after reports emerged that Hamas had attacked civilians in Israel, and the substantial resulting reputational and other business harm these statements have caused and, if not enjoined, will continue to cause to Plaintiff.

2.      In communicating their own messages about these and a wide range of other topics, Defendants have ubiquitously used the Starbucks name and other identifying symbols to identify themselves. Viewing the parties as one and the same because the Defendants have adopted the Starbucks name and logos as their own, Customers misled and confused over the source or endorsement of the statements put out by Defendants direct their reactions to Starbucks. Statements by Starbucks attempting to distinguish itself from Defendants and their positions have been to no avail.

3.      In this action, Starbucks asserts claims for dilution arising under 15 U.S.C. § 1125(c) and Iowa Code § 548.113, trademark infringement arising under 15 U.S.C. § 1114, trademark infringement, false affiliation, unfair competition, false designation of origin arising under 15 U.S.C. § 1125(a) and Iowa Code §§ 548.112

and 548.116, copyright infringement arising under 17 U.S.C. 101 *et seq.*, and contributory infringement.   These claims arise directly from Defendants' unauthorized and repeated instances of copying and use of Starbucks trademarks and copyrighted works, in violation of state and federal law, which have damaged Starbucks reputation and business, weakened the distinctive quality of Starbucks trademarks, and infringed Starbucks rights in its intellectual property.

## PARTIES

4.     Starbucks is a corporation formed under the laws of the State of Washington, with its principal place of business located in Seattle, Washington.

5.     SEIU is an organization, headquartered in Washington, D.C., with activities throughout the United States.  Upon information and belief, SEIU does business as and controls Workers United and SBWU.

6.     Upon information and belief, Workers United, an affiliate of SEIU, is an organization whose members include various groups of employees throughout the country. According to its website, https://workersunited.org/, Workers United is located in Philadelphia, Pennsylvania, with joint board located throughout the United States.

7.     Upon information and belief, SBWU, an affiliate of SEIU working under the leadership of Workers United, is a membership organization comprising

certain Starbucks employees from select stores from around the country. According to its website, https://sbworkersunited.org/, it is located in Buffalo, New York, "and Everywhere in the United States." Upon information and belief, SBWU has dozens of local chapters based out of multiple states and cities, including Iowa, Maryland, California, Florida, Texas, Massachusetts, Arizona, Illinois, and New Jersey, among many others.

8.     Upon information and belief, Iowa City SBWU, a local chapter of SBWU, is an organization located in Iowa City, Iowa, associated with Starbucks store number 2855, and operating in the state without a certificate of authority.

## JURISDICTION AND VENUE

9.     This action involves federal claims arising under the United States Trademark Act of 1946 (Lanham Act), 15 U.S.C. § 1051 *et seq.* and United States Copyright Act, 17 U.S.C. § 101 *et seq.* This Court therefore has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338, and 15 U.S.C. § 1121(a).

10.     This Court has supplemental jurisdiction over the related state law claims in this action under 28 U.S.C. § 1367(a) as those claims are so related to the claims under federal law so as to form part of the same case or controversy.

11.     The Court has personal jurisdiction over Defendants because, on information and belief, Defendants have specific contacts with, and/or are engaged in business practices in this judicial district arising from the use of marks and works in commerce, marketing, advertising, sale, and offering to sell or provide goods and/or services, which marks and works dilute and infringe Starbucks famous and federally-protected trademarks and infringe its federally-protected copyrighted works. Defendants have committed acts of trademark infringement and false affiliation under federal and state law, trademark dilution under federal and state law, copyright infringement under federal law, and contributory infringement.

12.     Venue in this district is appropriate under 28 U.S.C. §§ 1391(b) and 1391(c) because a substantial part of the events or omissions giving rise to the claim occurred in this District.

## BACKGROUND

### Starbucks History

13.     Starbucks is the leading coffee roaster and retailer in the United States. Since 1971, when Starbucks opened its first store, Starbucks has grown to over 17,000 United States retail locations and approximately 37,000 retail locations in over 80 foreign countries and territories.

14.    Starbucks retail stores throughout the United States sell coffee, tea, and other food and beverages, as well as Starbucks-branded merchandise, such as coffee mugs, glassware, coffee-related equipment, and other products. This merchandise prominently displays Starbucks-owned trademarks, service marks, and copyrighted works (the "Starbucks Marks" and "Starbucks Works," respectively), as seen in the examples below:





Siren Logo                    40th Anniversary Siren Logo

# STARBUCKS

15.    Starbucks retail stores throughout the world conduct billions of transactions each year. In addition to retail stores, Starbucks promotes its products and services on its website Starbucks.com. Both the Starbucks Marks and Starbucks Works are displayed prominently on the Starbucks.com website.

16.    In addition to directly selling its products in its own retail stores, Starbucks also serves its coffee and other products through authorized parties ("Authorized Sellers") throughout the United States. These Authorized Sellers include, but are not limited to, bookstores, grocery stores, airports, restaurants, and

entertainment venues. Starbucks licenses the Starbucks Marks and Starbucks Works under one or more license agreements to the Authorized Sellers. The license agreements ensure that Starbucks products are only distributed through Authorized Sellers who must adhere to Starbucks quality control procedures and standards. By controlling distribution of Starbucks products and services, Starbucks monitors and controls the use of the Starbucks Marks and Starbucks Works.

17.     Starbucks maintains its own official social media accounts, including, but not limited to, a Facebook page (www.facebook.com/Starbucks), an X (formerly known as Twitter) account (www.twitter.com/Starbucks), an Instagram page (www.instagram.com/Starbucks), a TikTok account (www.tiktok.com/@starbucks), and a LinkedIn page (www.linkedin.com/company/Starbucks). The Starbucks Facebook page has more than 35 million followers and 36 million likes. The Starbucks X account has over 10.9 million followers. All of these platforms prominently feature the Starbucks Marks.

18.     Starbucks diligently monitors all of its official distribution channels to ensure compliance with its policies and standards to manage the brand's image and public perception.

19.     Numerous television programs and movies have prominently featured the Starbucks Marks, including *Zoolander, The Devil Wears Prada, Sex and the City,*

*Parks & Rec, The Voice, Ellen, Real Time, License to Wed, The Proposal, Clueless, 127 Hours, Jurassic World, You've Got Mail, Austin Powers: The Spy Who Shagged Me, Fight Club, The Terminal, Josie and the Pussy Cats, Miss Congeniality, Clueless, Made of Honor, Meet the Fockers, 13 Going on 30, In Good Company,* and *I Am Sam.*

20.     Brand studies routinely place Starbucks among the most recognized and valuable brands in the world. For example, in its 2023 study, BrandZ ranked Starbucks as the 27th Most Valuable Brand in the World, ranked in between famous brands like T-Mobile and Walmart, and above well-recognized brands like YouTube, Netflix, and The Walt Disney Company. As another example, the 2023 "Restaurants 25" report from an independent brand valuation consultancy, Brand Finance, Starbucks was ranked the number one most valuable restaurant brand in the world.

21.     As a result of the foregoing sales and marketing activities, the Starbucks Marks have become famous and highly distinctive trademarks with an unmatched reputation of excellence.

## Starbucks Trademarks and Copyrights

22.     For decades, Starbucks has continuously used its famous and highly distinctive marks, including the STARBUCKS word mark, which has been used

since Starbucks was founded in 1971, as well as the famous Siren Logo (used since 1992) and the more recent 40th Anniversary Siren Logo (used since 2011) (shown collectively below) in United States commerce in connection with a wide variety of goods and services to promote Starbucks brand and to identify its goods and services. The United States Patent and Trademark Office has granted dozens of trademark registrations for the Starbucks Marks, as further detailed below. Additionally, the Starbucks Marks have been registered in over 180 countries.





Siren Logo                    40th Anniversary Siren Logo

# STARBUCKS

23.     These registrations recognize the exclusive rights held by Starbucks in the world-famous Starbucks Marks.

24.     Starbucks owns multiple trademark registrations in the Siren Logo. These registrations include, but are not limited to, U.S. Trademark Registration Nos. 1,542,775 (registered June 6, 1989) in connection with "[r]estaurant services featuring coffee and espresso beverages and also serving sandwiches and breakfasts"; 1,815,938 (registered January 11, 1994) in connection with, *inter alia*,

"[n]on electric coffee makers, insulated cups, reusable non paper coffee filters, non paper coasters, thermal insulated bottles, and housewares; namely, coffee cups, non electric coffee pots not of precious metal, cups, mugs, dishes, trivets, and canisters," "ground and whole bean coffee," and "retail store services featuring [coffee]," and "restaurant and café services"; 2,028,943 (registered January 7, 1997) in connection with "[t]-shirts, polo shirts, sweatshirts, caps, hats, jackets, [shorts] and aprons"; 2,176,976 (registered July 28, 1998) in connection with "electrical appliances, namely, espresso makers and coffee makers for domestic and commercial use"; 3,298,945 (registered September 25, 2007) in connection with, *inter alia*, "[c]offee, . . . prepared coffee and coffee-based beverages; prepared espresso and espresso-based beverages"; 3,673,335 (registered August 25, 2009) in connection with "[d]airy-based food beverages"; and 1,943,361 (registered December 26, 1995), 2,120,653 (registered December 9, 1997), and 3,428,127 (registered May 13, 2008) in connection with a variety of goods and services. These registrations are valid and subsisting. True and correct copies of the registration certificates are attached hereto as Exhibit 1.

25.     Starbucks owns multiple trademark registrations of the Siren Logo in the familiar green, black, and white color scheme. These registrations include, but are not limited to, U.S. Trademark Registration Nos. 1,815,937 (registered January

11, 1994) in connection with, *inter alia*, "ground and whole bean coffee," "cups, mugs, dishes, trivets, and canisters" and "retail store services featuring [coffee]," and "restaurant and café services"; 2,266,351 (registered August 3, 1999) in connection with, *inter alia*, "ground and whole bean coffee," "coffee . . . and espresso beverages, and beverages made with a base of coffee and/or espresso"; 2,266,352 (registered August 3, 1999) in connection with, *inter alia*, "[r]estaurant, cafe and coffee house services"; 2,325,182 (registered March 7, 2000) in connection with, *inter alia*, "retail outlets . . . featuring ground and whole bean coffee[,] . . . coffee and espresso beverages and beverages made with a base of coffee, espresso, and/or milk;" "coffee cups, tea cups, mugs, glassware, dishes, plates and bowls"; and "toys; books;" . . . and [t]-shirts, caps, sweatshirts, jackets, aprons and other clothing items"; and 1,893,602 (registered May 9, 1995) and 3,428,128 (registered May 13, 2008), in connection with a variety of goods and services. These registrations are valid and subsisting. True and correct copies of the registration certificates are attached hereto as Exhibit 2.

26.     Starbucks owns United States Copyright Reg. No. VA 875-932 for the Starbucks Siren Logo. A true and correct copy of the copyright registration certificate for this work is attached hereto as Exhibit 3.

27.     Starbucks owns multiple trademark registrations in the 40th Anniversary Siren Logo. These registrations include, but are not limited to, U.S. Trademark Registration Nos. 4,415,862 (registered October 8, 2013) in connection with a variety of goods and services, including "paper boxes and paper packaging" and "paper cups, non-electric milk frothers; scoops"; 4,538,053 (registered May 27, 2014), in connection with, *inter alia*, "[h]and operated coffee grinders and coffee mills, insulated coffee and beverage cups, non-paper coasters, insulated vacuum bottles, coffee cups, tea cups and mugs, glassware, dishes, plates and bowls, trivets, storage canisters, non-electric drip coffee makers, non-electric plunger-style coffee makers, and decorative storage containers for food, non-electric tea kettles, tea infusers, tea pots, tea strainers, ceramic figurines, porcelain figurines; paper cups and insulated sleeves for beverage cups," "[e]lectrical appliances, namely espresso makers and coffee makers for domestic or commercial use," "milk based beverages," "coffee . . . and espresso beverages, . . . beverages made with a base of coffee and/or espresso," "retail store services in the field of coffee," and "café, . . . coffee bar . . ., carry out restaurant services, . . . coffee supply services for offices," "stationary, posters, paper napkins, paper coasters, paper bag," and "retail store services in the field of . . . clothing, caps and hats, toys . . . and accessories therefor"; computerized on-line ordering services all in the field of . . . jewelry, clothing, caps, hats, toys . . .

and accessories thereof,"; and 4,639,908 (registered November 18, 2014) in connection with a variety of goods and services, including "[t]-shirts, polo shirts, sweatshirts, caps, hats, jackets, aprons and vests," "[t]oys," and "jewelry." These registrations are valid and subsisting. True and correct copies of the registration certificates from the USPTO website are attached hereto as Exhibit 4.

28.     Starbucks owns multiple trademark registrations for the 40th Anniversary Siren Logo in the familiar green and white color schemes.  These registrations include, but are not limited to, U.S. Trademark Registration Nos. 4,538,585 (registered May 27, 2014) in connection with, inter alia, "paper cups, non-electric milk frothers; scoops"; 4,572,688 (registered July 22, 2014), in connection with, *inter alia*, "stationary, posters," "insulated coffee and beverage cups, . . . glassware, . . . storage canisters, . . . ceramic figurines, porcelain figurines," "[t]-shirts, polo shirts, sweatshirts, caps, hats, jackets, shorts," "business administration; business management; franchising," "coffee . . . and espresso beverages, . . . beverages made with a base of coffee and/or espresso," "retail store services" and "computerized on-line [retail and] ordering services in the field of coffee, . . . jewelry . . . clothing, caps and hats, toys," and "café, . . . coffee bar . . . , and carry out restaurant services, . . . coffee supply services for offices"; and 4,635,864 (registered November 11, 2014), in connection with a variety of goods and services, including

"jewelry," "[t]-shirts, polo shirts, sweatshirts, caps, hats, jackets, aprons and vests," and "toys." These registrations are valid and subsisting. True and correct copies of the registration certificates from the USPTO website are attached hereto as Exhibit 5.

29.     Starbucks is the owner of United States Copyright Reg. No. VA 1-768-520 for the Starbucks 40th Anniversary Siren Logo. A true and correct copy of the copyright registration certificate for this work is attached hereto as Exhibit 6.

30.     Starbucks also owns numerous registrations for the STARBUCKS word mark. These registrations include, but are not limited to, U.S. Trademark Registration Nos. 1,444,549 (registered June 23, 1987) in connection with "retail store services and distributorship services for coffee, tea" and "coffee café services"; 2,073,104 (registered June 24, 1997) in connection with, *inter alia*, "[w]holesale supply services featuring ground and whole bean coffee, tea, cocoa, coffee and espresso beverages" and "[r]estaurant, cafe and coffee house services"; 2,086,615 (registered August 5, 1997) in connection *inter alia* with "ready-to-drink coffee, ready-to-drink coffee based beverages"; 3,235,732 (registered May 1, 2007) in connection with "coffee roasting and processing"; 2,180,760 (registered August 11, 1998) in connection with "wallets, billfolds, tote bags, purses, briefcases, book bags, briefcase-type portfolios, valises and umbrellas, all made of cloth, plastic or leather";

-14-

2,189,460 (registered September 15, 1998) in connection with, *inter alia*, "insulated coffee and beverage cups" and "coffee cups, tea cups and mugs, beverage glassware"; 2,176,974 (registered July 28, 1998) in connection with "[t]-shirts, polo shirts, sweatshirts, caps, hats, jackets, and aprons"; 1,452,359 (registered August 11, 1987) in connection with "coffee, tea, herb tea, chocolate and cocoa"; 1,372,630 (registered November 26, 1985) in connection with "coffeepots, cups, mugs and cannisters." These registrations are valid and subsisting. True and correct copies of the registration certificates are attached hereto as Exhibit 7.

31.     Starbucks devotes a significant amount of time, energy, and resources into protecting its Starbucks Marks and Starbuck Works. By limiting distribution of the Starbucks products to channels involving Authorized Sellers, Starbucks maintains its reputation and integrity, as well as ensures customers' safety and satisfaction.

32.     Because of Starbucks products' superior quality and exclusive distribution channels, the public recognizes Starbucks as a source of high-quality products. As such, Starbucks has developed extraordinarily strong rights in the famous Starbucks Marks, and those Marks thus are entitled to very broad protection.

**Defendants and Defendants' Wrongful Acts**

33.     Upon information and belief, SBWU, a subset of Workers United, is an unincorporated association which acts as a collective of Starbucks employees from approximately 325 company-operated stores throughout the United States (3% of U.S. company operated stores). SBWU and Workers United are affiliates of SEIU and SBWU Iowa City is an affiliate located in and operating out of Iowa City, Iowa.

34.     SEIU, through Workers United and SBWU and others associated with Workers United, and SBWU Iowa City use the STARBUCKS word mark and various logos (referred to herein as "Accused Marks") that copy and/or closely resemble the Starbucks Marks and Starbucks Works, including the following:

| **Accused Marks** | **Starbucks Marks** |
|:---:|:---:|
|  |  |
| | Siren Logo |
|  |  |
| | 40th Anniversary Siren Logo |

35.     SBWU maintains its own website (https://sbworkersunited.org/) and social media accounts, including an X account (twitter.com/sbworkersunited), Facebook account (facebook.com/sbworkersunited), Instagram account (instagram.com/sbworkersunited) and TikTok account (tiktok.com/@sbworkersunited).

36.     SBWU has on innumerable occasions coopted the entirety of each of the Starbucks Marks and Starbucks Works, including on its website, as its "profile

picture" on social media accounts, in social media posts, and on various forms of merchandise, as seen in the examples below:

**Facebook page**



**TikTok Account**



**Twitter Account**



**Instagram**



**Website**



## 360+ STORES UNIONIZED.
## 9,000+ UNION PARTNERS.

will you stand in solidarity with us?

### SIGN THE #NOCONTRACTNOCOFFEE PLEDGE

37.     SBWU's website has a "Shop Official Merch" webpage where it sells signs, T-shirts, pins, hats, mugs, cups, and masks prominently coopting the Starbucks Marks and Starbucks Works, as shown in the below examples from the SBWU website.



Logo Tee
$27.00



Logo Hat
$27.00



Logo Button
$5.00



Logo Face Covering
$25.00

Logo Mug
$25.00

Yard Sign
$20.00

38.     Iowa City SBWU maintains its own social media accounts, including
an X account (twitter.com/IowaCitySBWU), which prominently displays the
coopted Starbucks Marks and Starbucks Works, as seen below.



39.     Iowa City SBWU posts and shares posts about a wide variety of subjects, including, but not limited to, international affairs, trash collection, rights for transgender individuals, and local jails.

40.     Defendants have coopted the entirety of each of the Starbucks Marks and Starbucks Works for various publicity, advertising, fundraising, and promotional purposes.

41.     Given the Accused Marks' similarities to the Starbucks Marks, the Accused Marks are likely to convey to consumers a false affiliation, endorsement, or sponsorship with Starbucks. Indeed, the similarity between the marks has already caused substantial, demonstrated, and harmful confusion, as discussed further below.

42.     Starting October 7, 2023, the day reports emerged of Hamas-led attacks on Israel, Defendants and their affiliates posted or shared on their official social media accounts various concerted statements. For example, SBWU posted a Tweet, using the Starbucks Marks and Starbucks Works, stating "Solidarity with Palestine" with a picture of the bulldozer tearing down a fence on the Gaza strip during the attack on Israel on October 7:



Particularly at that time, when the world had just seen images of assaults on families and upon a peaceful music festival and heard the reports of deaths from those attacks, people reacted with outrage at a perceived endorsement of violence.

43.     Additionally, the same day of the initial attacks in Israel and continuing even as recently as the day before filing this action, Iowa City SBWU posted and reposted on social media messages advocating for the continuation of violence against Israel and cessation of U.S. aid to Israel, including the following:



**↻ Iowa City Starbucks Workers United reposted**

**John C** 🏴 ❤ @johnjc0 · Oct 16                                    ···

I urge the rest of the labor movement to break their silence and stand in solidarity with the people of Palestine, pressure your electeds to end military aid to Israel, and engage in BDS through your union contracts. Our solidarity should have no borders 🇵🇸 🔴 #FreePalestine

> 🔴 **Restaurant Workers United (RWU)** @restaurantwrkrs · Oct 16
>
> The RWU Executive Board has issued a solidarity statement on the ongoing conflict in Palestine and Israel calling for immediate U.S. action to move toward peace.

○ 4          ↻ 34          ♡ 84          ᴵ|ᴵ 5,812          ↑



**↻ Iowa City Starbucks Workers United reposted**

**Haymarket Books** @haymarketbooks · Oct 7                    ···

Palestine will be free 🇵🇸

○ 81          ↻ 1,368          ♡ 7,997          ᴵ|ᴵ 449.5K          ↑









44.     Defendants' use of Starbucks Marks and Starbucks Works to issue posts about these topics, which have nothing to do with the terms and conditions of employment at Starbucks stores, create a strong likelihood that Defendants' activities will be attributed to Starbucks.

45.     Affiliates of Defendants, using the Starbucks Marks and Starbucks Works, have also posted additional inflammatory content that the public has attributed to Starbucks.

46.     Such messages, as captured by the posts above, do not, and have never, reflected Starbucks official position, as noted in Starbucks recent statement on the matter.  *See*  https://stories.starbucks.com/press/2023/starbucks-condemns-acts-of-terror-strongly-disagrees-with-statements-made-by-workers-united/.

47.     As a result of the social media posts by Defendants using the Starbucks Marks and Starbucks Works, Starbucks received hundreds of complaints from customers and other members of the public in the immediate aftermath, chastising and singling out ***Starbucks***—not Defendants—for supporting Hamas. Starbucks continues to receive such complaints as a direct result of the demonstrable consumer confusion as to responsibility and actual beliefs created by Defendants' use of Starbucks Marks. Such complaints vividly illustrate the actual confusion and

dilution (most notably, in the form of tarnishment) caused by Defendants' use of the Starbucks Marks and Starbucks Works.

48.     On October 11, 2023, an angry customer twice called the Seattle Starbucks Reserve® Roastery and threatened to "shut down" the roastery and all Starbucks stores.  The caller also said that he hoped the Starbucks employee who took the call found himself "in a war dying on the frontlines." Store partners (employees) have had to respond to other angry customers erroneously attributing Defendants' statements to Starbucks.

49.     On October 13, 2023, a Starbucks store in Rhode Island experienced an act of vandalism with a swastika painted on the front door and Stars of David painted on the door and an exterior window.



50.     Starbucks customer care has received numerous complaints, including

for example this small sampling:

- "I will never visit Starbucks again. You are supporting Hamas terrorists…."

- "You stand with Hamas, I buy my coffee elsewhere. Whatever opinion you espouse you will alienate half or more of your customers. It amazes me you remain in business."

- "How dare Starbucks be sympathetic to a terror organization? Was your son or daughter murdered? I didn't think so. Shame on you!"

- "Will no longer buy [S]tarbucks products due to your support of Palestinian terror!!"

- "After your 'X' post in support of baby-beheading, mass-murderous Palestinian terrorists, I and my family will never again set foot in a Starbucks location for any reason. Your post was utterly despicable and disgusting. Goodbye and good riddance."

- "I am a long time customer as well as all my family members but [I] will be trashing all my [S]tarbucks products and shredding gift cards (don't even deserve to be given away or re-gifting)"
- "Shame on you supporting Hamas, coffee is about coffee, never going to be your customer again and I have been loyal for years."

These complaints as well as a number of other examples are attached hereto as Exhibit 8. Starbucks partners (employees) working in customer care have experienced trauma from being subject to these complaints, which have included personal accusations of supporting genocide and exposure to graphic and violent photos.

51. Public officials also denounced Starbucks as a result of Defendants' statements. As shown below, Senator Rick Scott (R-FL) made a public statement shaming Starbucks for supporting a terrorist organization and telling the public to "Boycott Starbucks":



**Rick Scott** ✔
@SenRickScott

This is disgusting. Every American should condemn the atrocities that Iran-backed Hamas terrorists committed in Israel.

Boycott Starbucks until its leadership strongly denounces and takes action against this horrific support of terrorism.

10:09 AM · Oct 11, 2023 · 144.7K Views

○ 317   ⇆ 741   ♡ 1,499   🔖 15   ⬆

52.     Further, as a result of Defendants' statements, Florida State Representative Randy Fine reshared Senator Rick Scott's post and added: "If you go to Starbucks, you are supporting killing Jews."

53.     Additionally, customers of Starbucks publicly announced their boycotting efforts and criticisms of Starbucks, including the following posts. *See also* Exhibit 9.











54.     Shortly after Defendants' posts, the hashtag #BoycottStarbucks was trending on X, and people all over the world were "tweeting" and posting on various social media accounts, falsely stating that Starbucks supported terrorist organizations, the killing of innocent civilians, and multiple other things Starbucks unequivocally condemns.

55.     Starbucks was compelled to release a public statement regarding the situation in the Middle East on October 11, 2023, to clarify that the Defendants'

statements were not made by Starbucks or endorsed by Starbucks. *See* https://stories.starbucks.com/press/2023/starbucks-condemns-acts-of-terror-strongly-disagrees-with-statements-made-by-workers-united/. Starbucks had not released a public statement prior to October 11. This timeline demonstrates that the public reaction against Starbucks arose solely from Defendants' statements.

56. Other workers' organizations have put out statements against Israel, but the public has not called for boycotts of the respective employers where those workers' organizations do not adopt the employers' names or marks. For example, the United Electrical, Radio and Machine Workers of America (UE) opposed U.S. aid to the state of Israel, but the public has not called for a boycott of GE, a principal employer for members of UE.

57. Defendants' co-opting of the Starbucks Marks continues to cause harm to Starbucks, as evinced by continued threats against Starbucks despite Starbucks attempts to clarify its position and disassociate itself from Defendants.

58. Defendants' unauthorized use of the Starbucks Marks and Starbucks Works have caused and, if allowed to continue, will continue to cause Starbucks to suffer substantial irreparable harm due to the loss of control over its reputation and loss of consumer goodwill.

## CLAIMS FOR RELIEF

## COUNT I: FEDERAL TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c)
### (Against All Defendants)

59.     Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

60.     Starbucks owns all of the rights, interest, and goodwill in the Starbucks Marks.

61.     The Starbucks Marks are famous and highly recognizable by the general consuming public. The Starbucks Marks, or variations thereof, have been used in commerce since Starbucks was founded over 50 years ago and have a global reach through Starbucks large number of cafes and presence in grocery stores and other channels in both the United States and foreign countries, and as illustrated by the BrandZ study listing Starbucks as the 27th Most Valuable Brand in the World, and "Restaurants 25" report, which ranked Starbucks as the most valuable restaurant brand in the world, among other brand rankings.

62.     Starbucks uses the Starbucks Marks in its retail stores, which sell coffee, tea, and other food and beverages, as well as Starbucks-branded merchandise. The Starbucks Marks are also used in Starbucks advertising of its

products and services, including but not limited to, its website and social media accounts.

63.     The Starbucks Marks were famous and widely recognized by the general consuming public before Defendants' actions complained of in this action and no later than 1992 (for both the STARBUCKS word mark and the Siren Logo) and no later than 2011 (for the 40th Anniversary Logo).

64.     The Starbucks Marks are distinctive.

65.     The Accused Marks and use of those marks are nearly identical to the Starbucks Marks.

66.     Defendants willfully intended to create an association with the Starbucks Marks and to capitalize on the success and popularity of the Starbucks Marks.

67.     The public has actually associated Defendants' use of Accused Marks with Starbucks and the Starbucks Marks.

68.     Defendants have used the Starbucks Marks, and variations thereof, as if they were their own, and for their own gain. Upon information and belief, Defendants' use of the Starbucks Marks, or variations thereof, has been a commercial use, including soliciting funds, selling goods, advertising, publicity, and promotional activities.

69.     Defendants have used and continue to use the Starbucks Marks, or variations thereof, in connection with social media posts regarding the recent attacks in Israel. Defendants' use of the Starbucks Marks, or variations thereof, has led and will continue to lead the general consuming public to falsely associate Defendants with Starbucks and mistakenly attribute Defendants' views to Starbucks, including as evinced by the numerous calls for boycotts against Starbucks.

70.     Defendants' actions as described within dilute and are likely to continue to dilute the Starbucks Marks by blurring and diminishing the distinctive qualities of those marks.

71.     Defendants' actions as described within also tarnish Starbucks hard-earned reputation, causing harm including in the form of lost business, damage to reputation, and public backlash.

72.     Starbucks has no adequate remedy at law.

73.     Defendants have caused dilution by blurring and dilution by tarnishment of the Starbucks Marks and willfully intended to trade on the recognition of the Starbucks Marks. This case is an exceptional case under 15 U.S.C. § 1117(a), including because of Defendants' knowing, willful, and bad-faith dilution of the Starbucks Marks.

## COUNT II: TRADEMARK DILUTION UNDER IOWA CODE § 548.113
### (Against All Defendants)

74.     Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

75.     The Starbucks Marks are famous, distinctive, and have acquired secondary meaning among relevant Iowa consumers.

76.     Without Starbucks authorization or license, and commencing after the Starbucks Marks became famous, Defendants are making use of the Starbucks Marks in connection with Defendants' goods and services in a manner that impairs the distinctive qualities of, and harms the reputation of, the Starbucks Marks.

77.     The acts and conduct of Defendants complained herein constitute dilution of the distinctive quality of the Starbucks Marks by blurring and dilution by tarnishment in violation of Iowa Code § 548.113.

78.     On information and belief, Defendants' acts of dilution and tarnishment are willful, deliberate, and in bad faith.

## COUNT III: FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114
### (Against All Defendants)

79.     Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

-41-

80.   Starbucks is the owner of the federally registered Starbucks Marks identified herein.

81.   Defendants' use of the Starbucks Marks without the authorization or consent of Starbucks, such as in connection with posting on various social media accounts, soliciting funds, and selling goods, is likely to cause and has caused consumer confusion, mistake, or deception as to the source, origin, affiliation, or endorsement of the products or services offered by Defendants.

82.   Defendants' use of the Starbucks Marks as described herein constitutes infringement of the trademark and service mark rights of Starbucks in its registered marks under 15 U.S.C. § 1114.

83.   Upon information and belief, Defendants have profited from the infringement and have declined to take steps to stop such infringement.

84.   Upon information and belief, Defendants were aware of the Starbucks Marks, and Defendants committed trademark infringement willfully and with the intent to appropriate and trade upon Starbucks previously established goodwill and reputation associated with the Starbucks Marks.

85.   This is an exceptional case under 15 U.S.C. § 1117(a), particularly because Defendants knowingly, willfully, and in bad faith infringed the Starbucks Marks and have demonstrated a specific intent to infringe.

86.    Defendants' acts have caused and, if allowed to continue, will continue to cause Starbucks to suffer substantial irreparable harm due to the loss of control over its reputation and loss of consumer goodwill. Starbucks has no adequate remedy at law, and greater injury will be inflicted upon Starbucks than Defendants if not enjoined.

87.    As a result of the foregoing, Starbucks has suffered, and will continue to suffer, actual damages.

## COUNT IV: FEDERAL TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1125(a) (Against All Defendants)

88.    Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

89.    Starbucks is the owner and user of the famous and distinctive Starbucks Marks identified herein, and all common law rights in those marks. Starbucks owns all rights, interest, and goodwill in the Starbucks Marks.

90.    Defendants' use of the Starbucks Marks without the authorization or consent of Starbucks, such as in connection with posting on various social media accounts, soliciting funds, and selling goods is likely to cause and has caused consumer confusion, mistake, or deception as to the source, origin, affiliation, or endorsement of the products or services offered by Defendants.

91.     Defendants' acts constitute common law trademark infringement, false designation of origin, and unfair competition in violation of Lanham Act § 43(a), 15 U.S.C. § 1125(a).

92.     Upon information and belief, Defendants engaged in such acts with the intent to deceive, mislead, and/or confuse relevant consumers as to whether there was an affiliation, connection, or association between Defendants and Starbucks.

93.     Upon information and belief, Defendants' conduct alleged within has actually deceived relevant consumers and/or has a tendency to deceive of a substantial number of actual and/or potential consumers.

94.     As a result of the foregoing, Starbucks has suffered, and will continue to suffer, damage, including damage to its reputation and good will.

95.     This is an exceptional case under 15 U.S.C. § 1117(a), particularly because Defendants knowingly, willfully, and in bad faith infringed the Starbucks Marks and have demonstrated a specific intent to infringe.

### COUNT V: TRADEMARK INFRINGEMENT UNDER IOWA CODE §§ 548.112 and 548.116
### (Against All Defendants)

96.     Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

97. Starbucks is the owner of the Starbucks Marks identified herein. Starbucks owns all rights, interest, and goodwill in the Starbucks Marks.

98. Defendants' use of the Starbucks Marks without the authorization or consent of Starbucks, such as in connection with posting on various social media accounts, soliciting funds, and selling goods, is likely to cause and has caused consumer confusion, mistake, or deception as to the source, origin, affiliation, or endorsement of the products or services offered by Defendant.

99. Defendants' acts constitute trademark infringement, false designation of origin, false affiliation, and unfair competition in violation of Iowa Code §§ 548.112 and 548.116.

100. Upon information and belief, Defendants engaged in such acts with the intent to deceive, mislead, and/or confuse relevant consumers as to whether there was an affiliation, connection, or association between Defendants and Starbucks.

101. Upon information and belief, Defendants' conduct alleged within has actually deceived relevant consumers and/or has a tendency to deceive of a substantial number of actual and/or potential consumers.

102. As a result of the foregoing, Starbucks has suffered, and will continue to suffer, damage, including damage to its reputation and good will.

103.   This is an exceptional case under Iowa Code § 548.114 and the circumstances of this case, particularly because Defendants knowingly and in bad faith infringed the Starbucks Marks and have demonstrated a specific intent to infringe.

### COUNT VI: COPYRIGHT INFRINGEMENT 17 U.S.C. § 101 *et seq.*
### (Against All Defendants)

104.   Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

105.   At all relevant times, Starbucks has owned, or has had exclusive rights in, all copyright rights in the Starbucks Works, and has had registrations for each of those works. As their owner, Starbucks enjoys exclusive rights with respect to the Starbucks Works, including the exclusive right to reproduce, distribute, display, and create derivative works of the Starbucks Works.

106.   Defendants have copied, reproduced, adapted, and/or created derivative works from, and continue to copy, reproduce, adapt, and/or create derivative works from, the Starbucks Works, without the consent or authorization of Starbucks. As illustrated above, Defendants' designs are strikingly or substantially similar to the copyright-protected material in the Starbucks Works.

107. Upon information and belief, Defendants have used the Starbucks Works, and/or derivative works based on those works, such as in connection with posting on various social media accounts, soliciting funds, and selling goods.

108. Defendants' unauthorized copying, reproducing, displaying, and use of the materials protected by the Starbucks Works, and/or derivative works based on those works, without consent or authorization constitutes direct copyright infringement in violation of the United States Copyright Act, 17 U.S.C. §§ 106 and 501.

109. Upon information and belief, Defendants have access to the materials protected by the Starbucks Works and Defendants' copying is intentional.

110. Defendants' copyright infringement has caused, and will continue to cause, Starbucks irreparable harm. Such conduct has also been willful. As a result, Starbucks has no adequate remedy at law.

## COUNT VII: CONTRIBUTORY TRADEMARK DILUTION
### (Against SEIU d/b/a Workers United, SBWU)

111. Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

112. Defendant SEIU is, on information and belief, directing or controlling the infringing activities of Defendant Iowa City SBWU, or is benefiting by such acts.

113.   By reason of the actions aforesaid, the dilution of the Starbucks Marks by Iowa City SBWU has been directed by, and under the control or authority of, SEIU. Upon information and belief, SEIU has contributorily diluted or caused the dilution of the Starbucks Marks, to the detriment of Starbucks. The dilution by Iowa City SBWU of Starbucks rights in its Starbucks Marks will irreparably harm Starbucks, have been willful, and will continue unless enjoined by this Court. Damages and attorneys' fees are authorized by 15 U.S.C. § 1117. Destruction of infringing articles is authorized by 15 U.S.C. § 1118.

### COUNT VII: CONTRIBUTORY TRADEMARK INFRINGEMENT
### (Against SEIU d/b/a Workers United, SBWU)

114.   Starbucks repeats and incorporates by reference the allegations contained in the foregoing paragraphs as if fully set forth herein.

115.   Defendant SEIU is, on information and belief, directing or controlling the infringing activities of Defendant Iowa City SBWU, or is benefiting by such acts.

116.   By reason of the actions aforesaid, the infringement of the Starbucks Marks by Iowa City SBWU has been directed by, and under the control or authority of, SEIU.

117.   Upon information and belief, SEIU has contributorily infringed or caused the infringement of the Starbucks Marks, to the detriment of Starbucks.  The infringements by Iowa City SBWU of Starbucks rights in its Starbucks Marks will

irreparably harm Starbucks, have been willful, and will continue unless enjoined by this Court. Damages and attorneys' fees are authorized by 15 U.S.C. § 1117. Destruction of infringing articles is authorized by 15 U.S.C. § 1118.

## JURY TRIAL DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Starbucks hereby demands a trial by jury of all issues so triable in this action.

## PRAYER FOR RELIEF

WHEREFORE, Starbucks prays for the following relief:

A.       For judgment that Starbucks federally registered trademarks have been diluted and infringed, and its federally registered copyrighted works have been infringed, by Defendants;

B.       Pursuant to 15 U.S.C. § 1116 and Iowa Code § 548.111, preliminary and permanent injunctive relief against Defendants and those persons or entities in active concert or participation with Defendants, including their officers, agents, servants, employees, attorneys, and representatives, from using the Starbucks Marks, or imitations of those Marks, in connection with making, using, selling, offering to sell, importing into these United States, displaying, advertising any goods or services, or that otherwise is likely to cause confusion or dilution, including but not limited to (i) using any of the Starbucks registered and common law trademarks

in any way that dilutes or is likely to dilute any of the Starbucks Marks; (ii) using any of Starbucks registered and common law trademarks including the Starbucks Marks in connection with the operation of Defendants' businesses, social media, promotional offers, advertising, marketing, or on Defendants' products; and (iii) using any trademark, logo, words, or design that tends to falsely represent or is likely to confuse, mislead, or deceive consumers, purchasers, Defendants' customers, prospective customers or any member of the public as to the source, sponsorship, endorsement, or affiliation of Defendants' goods or services;

C.      Pursuant to 17 U.S.C. § 502, preliminary and permanent injunctive relief against Defendants and those persons or entities in active concert or participation with Defendants, including their officers, agents, servants, employees, attorneys, and representatives, from reproducing, making derivative works of, distributing, or displaying the materials protected by the Starbucks Copyrights or any substantially similar materials;

D.      Defendants be ordered, pursuant to 15 U.S.C. § 1116, to file with the Court and to serve on counsel for Starbucks within ten (10) days after entry of the judgment herein, a written report under oath setting forth in detail the manner in which they have complied with the injunction ordered by the Court including a full accounting that identifies the channels through which they have used the Starbucks

Marks and Defendants' distributor(s), reseller(s), account(s), and others to whom they have purchased or sold equipment, marketing materials, or other goods bearing the Starbucks Marks;

E.      Defendants be ordered, pursuant to 15 U.S.C. § 1118 and Iowa Code § 548.114, to deliver up to the Court for destruction or other disposition all labels, signs, prints, packaging, wrappers, receptacles, and advertisements and promotional materials infringing or diluting the Starbucks Marks, and all promotional materials, stickers and other means of making the same;

F.      Defendant be ordered, jointly and severally, pursuant to 15 U.S.C. § 1117(a) and Iowa Code § 548.114, to pay to Starbucks all damages and all of their profits from their use of the Starbucks Marks and the sale of the products diluting or infringing the Starbucks Marks, or products that falsely designate their origin, and that such damages and profits be enhanced on the basis of their willful infringement of the federally registered Starbucks Marks;

G.      Defendants be ordered, jointly and severally, to pay to Starbucks its attorneys' fees and the costs and expenses of this action pursuant to 15 U.S.C. § 1117(a), and for trebling of damages pursuant to 15 U.S.C. §§ 1117(a) and 1125(c)(5) and Iowa Code § 548.114;

H.     Defendants be ordered, jointly and severally, to pay Starbucks actual damages, plus the amount of Defendants' profits attributable to the infringement, 17 U.S.C. § 504(b) and Iowa Code § 548.114, or in the alternative, to pay to Starbucks statutory damages, as authorized by 17 U.S.C. § 504(c);

I.     Defendants deliver to be impounded during this suit all print and electronic copies of the materials protected by the Starbucks Works or their unlawful derivatives in Defendants' possession or control as authorized by 17 U.S.C. § 503 and Iowa Code § 548.114;

J.     Defendants be ordered, jointly and severally, to pay Starbucks, as the prevailing party, reasonable attorneys' fees, costs, and expenses pursuant to 17 U.S.C. § 505 and Iowa Code § 548.114;

K.     Pre-judgment interest at the legally allowable rate on all amounts owed; and

L.     Starbucks be awarded such further relief as this Court may deem just and proper.

Dated: October 18, 2023

OF COUNSEL:

Peter M. Brody (*pro hac vice* forthcoming)
Douglas H. Hallward-Driemeier
(*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
2099 Pennsylvania Avenue, N.W.
Washington, DC 20006-6807
Tel: (202) 508-4600
Fax: (202) 508-4650
Peter.Brody@ropesgray.com
Douglas.Hallward-Driemeier@ropesgray.com

Rocky C. Tsai (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
Three Embarcadero Center
San Francisco, CA 94111-4006
Tel: (415) 315-6300
Fax: (415) 315-6350
Rocky.Tsai@ropesgray.com

S. Lara Ameri (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
Prudential Tower, 800 Boylston Street
Boston, MA 02199-3600
Tel: (617) 951-7000
Fax: (617) 235-7500
Lara.Ameri@ropesgray.com

Meredith Foor (*pro hac vice* forthcoming)
**ROPES & GRAY LLP**
1211 Avenue of the Americas
New York, NY 10036-8704
Tel: (212) 596-9000
Fax: (212) 596-9090
Meredith.Foor@ropesgray.com

Respectfully submitted,

*/s/ R. Scott Johnson*
R. Scott Johnson
Fredrikson & Byron, P.A.
111 East Grand Avenue, Suite 301
Des Moines, IA 50309
(515) 242-8900
rsjohnson@fredlaw.com

-1-