# **EXHIBIT 10**

UNITED STATES OF AMERICA
BEFORE THE NATIONAL LABOR RELATIONS BOARD
REGION 18

| | |
|---|---|
| **STARBUCKS CORPORATION**<br><br>Employer<br><br>and<br><br>**CHICAGO AND MIDWEST REGIONAL JOINT BOARD, WORKERS UNITED/SEIU**<br><br>Petitioner | Case 18-RC-314910 |

**TYPE OF ELECTION:** STIPULATED

## CERTIFICATION OF REPRESENTATIVE

An election has been conducted under the Board's Rules and Regulations. The Tally of Ballots shows that a collective-bargaining representative has been selected. No timely objections have been filed.

As authorized by the National Labor Relations Board, it is certified that a majority of the valid ballots has been cast for

**CHICAGO AND MIDWEST REGIONAL JOINT
BOARD, WORKERS UNITED/SEIU**

and that it is the exclusive collective-bargaining representative of the employees in the following appropriate unit:

Unit:  Included:  All full-time and regular part-time Baristas and Shift Supervisors employed by the Employer at 228 South Clinton Street, Iowa City, Iowa 52240;

Excluded: Store managers, Office Clericals, Professional Employees, and Guards and Supervisors as defined by the Act.



May 18, 2023

_____
JENNIFER A. HADSALL
Regional Director, Region 18
National Labor Relations Board

Attachments

1. Notice of Bargaining Obligation
2. Notice of Federal Mediation and Conciliation Services for Initial Contract Bargaining

cc:    Federal Mediation and Conciliation Services

## NOTICE OF BARGAINING OBLIGATION

In the recent representation election, a labor organization received a majority of the valid votes cast. Except in unusual circumstances, unless the results of the election are subsequently set aside in a post-election proceeding, the employer's legal obligation to refrain from unilaterally changing bargaining unit employees' terms and conditions of employment begins on the date of the election.

The employer is not precluded from changing bargaining unit employees' terms and conditions during the pendency of post-election proceedings, **as long as** the employer (a) gives sufficient notice to the labor organization concerning the proposed change(s); (b) negotiates in good faith with the labor organization, upon request; and (c) good faith bargaining between the employer and the labor organization leads to agreement or overall lawful impasse.

This is so even if the employer, or some other party, files objections to the election pursuant to Section 102.69 of the Rules and Regulations of the National Labor Relations Board (the Board). If the objections are later overruled and the labor organization is certified as the employees' collective-bargaining representative, the employer's obligation to refrain from making unilateral changes to bargaining unit employees' terms and conditions of employment begins on the date of the election, not on the date of the subsequent decision by the Board or court. Specifically, the Board has held that, absent exceptional circumstances,[1] an employer acts at its peril in making changes in wages, hours, or other terms and conditions of employment during the period while objections are pending and the final determination about certification of the labor organization has not yet been made.

It is important that all parties be aware of the potential liabilities if the employer unilaterally alters bargaining unit employees' terms and conditions of employment during the pendency of post-election proceedings. Thus, typically, if an employer makes post-election changes in employees' wages, hours, or other terms and conditions of employment without notice to or consultation with the labor organization that is ultimately certified as the employees' collective-bargaining representative, it violates Section 8(a)(1) and (5) of the National Labor Relations Act since such changes have the effect of undermining the labor organization's status as the statutory representative of the employees. This is so even if the changes were motivated by sound business considerations and not for the purpose of undermining the labor organization. As a remedy, the employer could be required to: 1) restore the status quo ante; 2) bargain, upon request, with the labor organization with respect to these changes; and 3) compensate employees, with interest, for monetary losses resulting from the unilateral implementation of these changes, until the employer bargains in good faith with the labor organization, upon request, or bargains to overall lawful impasse.

---

[1] Exceptions may include the presence of a longstanding past practice, discrete event, or exigent economic circumstance requiring an immediate response.

## NOTICE OF FEDERAL MEDIATION AND CONCILIATION SERVICES FOR INITIAL CONTRACT BARGAINING

As a workplace where employees are now represented by a union, both the employer and union have a number of obligations under the law, including the duty to bargain in good faith. These duties can have a practical impact on the bargaining process, as well as the ongoing labor-management relationship at a worksite.

As you navigate this set of obligations and their resulting impacts, we encourage you to take advantage of the following resources from the Federal Mediation and Conciliation Service (FMCS) ([www.fmcs.gov](www.fmcs.gov)). FMCS is a non-regulatory, independent federal agency, separate from the National Labor Relations Board (NLRB), whose mission is to preserve and promote labor-management peace and cooperation. FMCS services include:

- Skills development training for collective-bargaining negotiation, committee effectiveness, and conflict resolution (available at [https://www.fmcs.gov/services/education-and-outreach/skills-development-training/](https://www.fmcs.gov/services/education-and-outreach/skills-development-training/));
- Education on contract administration (available at [https://www.fmcs.gov/services/building-labor-management-relationships/](https://www.fmcs.gov/services/building-labor-management-relationships/)); and
- Mediation, if you need additional assistance and support with your initial contract negotiations (available at [https://www.fmcs.gov/services/resolving-labor-management-disputes/collective-bargaining-mediation/](https://www.fmcs.gov/services/resolving-labor-management-disputes/collective-bargaining-mediation/)).

FMCS is a Congressionally funded agency offering support to both unions and employers at workplaces and these FMCS services and resources are provided **at no cost**. FMCS services are customized to the specific needs of employer and union leadership groups and FMCS is available to assist with next steps and/or answer questions that come up throughout an initial collective-bargaining agreement negotiation process, as well as for future stages of a labor-management relationship.

For more information on the full range of FMCS services and how these services can be helpful throughout various stages of the collective bargaining process, see OM 22-08. To discuss the specific needs of your group, please reach out to FMCS via email at [initialcontract@fmcs.gov](mailto:initialcontract@fmcs.gov) or by phone at (202) 606-8100.